HARRIS *v.* THE CENTRAL RAILROAD AND BANKING COMPANY OF GEORGIA; and *vice versa.*

Where it affirmatively appears that by a general rule of the railway company demurrage and storage were chargeable to all patrons, and that the special contract declared upon was made not with the authorities which promulgated the rule but with subordinate agents and for the express purpose of avoiding the application of the rule in the given instance, a breach of the contract by one of the same agents who co-operated in making it affords no cause of action against the company. Thus, where the rules of the company required payment of demurrage on goods not removed within forty-eight or sixty hours after their arrival, and

also provided for the storage in warehouses of goods not removed within a certain time, the storage and drayage to be at the expense of the consignee, and these rules were known to the plaintiff who contracted with the defendant's station agent and soliciting agent that in consideration of a large shipment of freight over the defendant's railway no demurrage, drayage or storage would be charged against him, a breach of the contract as to storage gave the plaintiff no right of action against the company to recover the money paid, and it was not error to grant a nonsuit.
March 3, 1893.

Before Judge Ross.    City court of Macon.    March term, 1892.

HARRIS & HARRIS, for plaintiff.

R. F. LYON, for defendant.

BLECKLEY, Chief Justice.

The railroad company had general rules declaring that, under certain circumstances, demurrage and storage would be chargeable to all patrons.    These rules were known to Harris, who combined with two subordinate agents of the company, one of them a soliciting agent, the other a station agent, to shun the rules and prevent their application to a large shipment of freight which Harris contemplated making.    On account of the volume and magnitude of the shipment, these agents agreed that the rules should not be enforced against Harris, as to that shipment; and on account of the exemption thus granted him, he agreed to make and did make the shipment over the line of this railroad, instead of making it over the line of some other company.    It is not to be presumed that soliciting and station agents have been invested with any suspending power over general rules which the company has adopted and promulgated, and the evidence affords no indication that any such power existed or had been conferred in this instance. The stipulations between the two subordinate agents and Mr. Harris did not bind the company, and, for this reason, he was properly nonsuited in the present action.

*Judgment affirmed.    Cross-bill dismissed.*